IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

PEGGY A. HALES,

    Plaintiff,

v.                                              Civil Action Number 4:11cv28

CITY OF NEWPORT NEWS, et al.,

    Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW Justin Briggs, by counsel, and as and for his Memorandum in support of his Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure states as follows:

### FACTS[1]

Plaintiff, a resident of Virginia and a citizen of the City of Newport News, files this action under 42 U.S.C. §1983 and state law claiming that this defendant and others are liable to her for an incident that led to her arrest. The Defendants are the City of Newport News; James D. Fox, Chief of the Newport News Police Department; Neil A. Morgan, Newport News City Manager; and Officers Briggs, Johnson and Gayle, law enforcement officers employed at the time of the alleged incident by the Newport News Police

---

[1] As with any motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts recited here are distilled from the Complaint and the inferences fairly drawn therefrom. This recitation of facts is in no way intended to be, nor should it be construed as, an agreement that the statements contained in the Complaint are a true and accurate telling of what in fact occurred.

1

Department.

Plaintiff alleges that on September 27, 2009, she and her husband Leon got into a dispute when a cat knocked over Leon's mixed drink, clearly a reference to the presence of drinks containing alcohol. *See* Complaint ¶¶ 7,8. Leon left the residence and returned thirty minutes later accompanied by three Newport News police officers. Complaint ¶ 9. Plaintiff alleges that defendants Briggs, Johnson and Gayle accompanied Leon to the marital residence so that he might obtain his guns and clothing. Complaint ¶ 9. By her own admission, plaintiff refused to allow her husband or the officers to enter the residence and locked the front door while barricading it with a chair. Complaint ¶ 9. Leon opened a sliding glass door with a crow bar and entered the residence. Complaint ¶ 10. Plaintiff then admits that she touched her husband during the course of a verbal exchange between her and her husband. Defendant Briggs handcuffed plaintiff and took her into custody. Complaint ¶ 11. The Plaintiff alleges that the handcuffs were too tight, causing injury, and that this defendant ignored her pleas to loosen them. She was held for thirty minutes and released on bond. Complaint ¶¶ 12, 13. The assault and battery charge was subsequently dismissed. Complaint ¶ 13.

## STANDARD OF REVIEW

Within the last two years, the standard for consideration of a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure has undergone considerable refinement. In light of recent Supreme Court authority, a Complaint must state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 071015 (2009)(quoting *Bell Atl. Corp. v. Twombley*, 550 U.S.

544, 570 (2007). To satisfy this plausibility requirement, the plaintiff's submission must "demonstrate more than a 'sheer possibility that a defendant acted unlawfully,' but must make a showing of facts sufficient which, if true, are enough to show that the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)(quoting *Iqbal*, 556 at ---). The mere offering of labels and conclusions in a formulaic pleading is not sufficient, and the district courts are free to discount such insufficient and "unadorned" allegations. *Id*. In sum, the age of boilerplate complaints that survive simply because the drafter is familiar with the elements of a cause of action has passed, and the well-pleaded facts of a claim will now govern its viability.

**ARGUMENT**

Plaintiff has filed a Complaint with eight counts. She alleges the deprivation of her civil rights under the color of state law (Count I), outrageous conduct and intentional infliction of emotional distress (Count II), assault (Count III), battery (Count IV), false imprisonment (Count V), negligence (Count VI), violation of her constitutional rights (Count VII), and punitive damages (Count VIII). As explained below, plaintiff has failed to state a cause of action as to this defendant and the instant motion must be granted as to all counts.

**I.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION IN COUNT I**

Count I of the Complaint is entitled "Deprivation of Civil Rights Under Color of State Law." In this count, plaintiff appears to allege that this defendant and others are liable to

her under claims arising directly under the Constitution of the Commonwealth of Virginia and the Constitution of the United States. Plaintiff alleges that the "words and actions of the defendants" were made under color of state law, causing the denial of rights allegedly secured to Hales under unspecified state and federal provisions. A review of the Virginia Code and Virginia decisional law reveals no such direct constitutional right of action under state law.[2] *See generally Burns v. Board of Supervisors of Fairfax Co.*, 218 Va. 625, 627, 238 S.E.2d 823, 825 (1977); *Morris v. Elizabeth River Tunnel District*, 203 Va. 196, 198, 123 S.E.2d 398, 400 (1962) (cases allowing action only under self-executing provisions of Virginia constitution). To the extent plaintiff is attempting to state a claim under federal law, she fails to specify any federal statute or provision in the United States Constitution that was allegedly violated.

## II. PLAINTIFF FAILS TO STATE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count II, plaintiff alleges the intentional infliction of emotional distress as a state tort claim. Due to the fact that emotional harm is easily feigned, this cause of action is generally disfavored under Virginia law. *Ruth v. Fletcher*, 237 Va. 366, 373, 377 S.E.2d 412, 415 (1989); see also *Michael v. Sentara Health System*, 939 F. Supp. 1220, 1233 (E.D. Va. 1996).[3] Virginia law requires that a plaintiff plead and prove (1) intentional or

---

[2] Virginia Code § 57-2.02 does create a remedy for burdens upon religious freedom, but that right is not implicated by the facts in this case.

[3] To be sure, this defendant is aware that the issues surrounding the sufficiency of pleading a Virginia law claim of intentional infliction of emotional distress had been addressed by the United States Court of Appeals for the Fourth Circuit under Rule 8 in its holding in *Hatfill v. New York Times Co.,* 416 F.3d 320, 337 (4th Cir. 2005). This

reckless conduct by defendants, (2) outrageous or intolerable conduct, (3) a causal connection between the defendants' conduct and the claimed emotional distress, and (4) severe emotional distress. *Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145 (1974); *Michael,* 939 F. Supp. at 1233. To satisfy the second element, the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White,* 241 Va. 23, 27, 400 S.E.2d 160, 162. In addition, the severe emotional distress must be extreme and of a nature that "no reasonable person could be expected to endure it." *Harris v. Kreutzer*, 271 Va. 188, 205 (2006). Allegations of nervousness, inability to concentrate, sleeplessness, stress and its physical manifestations, and withdrawal from activities have all been held insufficient to support the severe emotional distress element under this cause of action. *Id.*

Plaintiff's Complaint, as pleaded, fails to allege any outrageous action taken by this defendant upon which a claim could be based. This defendant, as alleged in the Complaint, placed the plaintiff under arrest and applied handcuffs to her wrists. Plaintiff contends that this defendant ignored her complaints that the handcuffs were too tight, notwithstanding that the Complaint fails to offer any allegation that there existed an objective basis to support plaintiff's complaints. Plaintiff does not allege that this defendant, for example, ignored bleeding or discoloration of her hands for wrists. Under the circumstances, plaintiff's claims do not support a showing that this defendant engaged

---

defendant submits, however, that the Supreme Court's subsequent refinement of Rule 8 in *Twombley* and *Iqbal* makes clear that the plaintiff must provide more than a formulaic parroting of the elements of the cause of action, and that Judge Smith's approach in *Michael* has been vindicated.

in the requisite outrageous conduct to support a claim of state law intentional infliction of emotional distress.

Similarly, plaintiff's submission offers no detail to the skeletal assertion that she suffered the severe emotional distress necessary to support this claim. Plaintiff offers no more detail than a naked assertion that she suffered severe emotional and physical injury. Under the applicable state law authority for this state law claim, plaintiff's pleading does not cross the threshold from possibility into plausibility and must fail. As discussed in detail above, merely parroting the elements of the cause of action without specific factual detail regarding the emotional harm fail to nudge assertions from the amorphous realm of possibility into more concrete plausibility.

Accordingly, plaintiff has failed to state a claim upon which relief can be granted as to Count II.

### III. PLAINTIFF'S CLAIMS FOR ASSAULT, BATTERY AND FALSE IMPRISONMENT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (COUNTS III-V)

In Counts III and IV of her Complaint, plaintiff alleges to have suffered assault and battery at the hands of police. Count V of the Complaint alleges a claim of false imprisonment. Virginia law, however, recognizes that police officers who make arrests in good faith and with a reasonable belief in the validity of the arrest, are not subject to these tort claims. *DeChene v. Smallwood*, 226 Va. 475, 479, 311 S.E.2d 749, 751 (1984)(reversing judgments against a police officer for assault, battery and false imprisonment based upon that officer's good faith and reasonable, albeit erroneous, belief

that a section of the Virginia Code justified an arrest).

The factual predicate in this matter, even as set forth in the Complaint, exonerates this defendant. Plaintiff admits that a dispute between her and her husband erupted following the plaintiff's cat causing a mixed drink to spill. The argument was of sufficient magnitude to cause plaintiff's husband to summon the assistance of police. Even according to the Complaint, officers at the scene knew that the plaintiff's husband has returned with the goal of retrieving firearms and that he has begun to employ a crowbar in his efforts. The plaintiff then, by her own admission, reached and touched the person of her husband. While the Complaint does not allege that any violence had occurred prior to that point, numerous courts have recognized that domestic investigations can erupt into violence with the slightest of sparks. *See Trull v. Smolka*, No. 09-1172 Slip Op. at 10-11 (4th Cir. February 18, 2011); *McCracken v. Commonwealth*, 39 Va. App. 254, 261,572 S.E.2d 493, 496 (2002); *Fletcher v. Town of Clinton*, 196 F.3d 41, 50 (1st Cir. 1999). The Virginia Court of Appeals has also construed Va. Code §19.2-81.3 as imposing a broader duty than normal on police in performing their responsibilities at the scene of a domestic dispute. *McCracken*, 39 Va. App. at 261,n.4. Among these is including a specific direction that an officer is to arrest the person perceived to be the principal physical aggressor in a domestic assault, which can be determined among other criteria by resolving who the first aggressor had been. *See* Va. Code §19.2-83.1(B).

The Complaint leaves no question that plaintiff elevated the confrontation with her husband from a lock-out dispute to one involving physical touching. Had this defendant sat by idly rather than intercede as he did, plaintiff or her husband may well have escalated

7

the situation into one where serious physical injury could have resulted. This is particularly true where, as here, the entire absurd uproar is hatched from the slap stick scenario of a cat knocking over a mixed drink. It simply defies reason that police would have to wait for such tragic developments to occur before taking the measured and responsible action of arresting and securing the party who crossed the line between words and touching.

IV. **PLAINTIFF HAS FAILED ADEQUATELY TO SUPPORT A CLAIM OF GROSS NEGLIGENCE AGAINST THIS DEFENDANT**.

Plaintiff's Count VI sets forth a claim for gross negligence under Virginia law. It is axiomatic that a plaintiff seeking to prove a claim of gross negligence in Virginia must prove an "utter disregard of prudence amounting to complete neglect for the safety of another." *Chapman v. City of Virginia Beach*, 252 Va. 186, 190 (1996)(quoting *Frazier v. City of Norfolk*, 234 Va. 388, 393 (1987)) *see also Koffman v. Garnett*, 265 Va. 12, 15 (2003). "It is a heedless and palpable violation of a legal duty respecting the rights of others which amounts to the absence of slight diligence, or the want of even scant care." *Id*. (quoting *Town of Big Stone Gap v. Johnson*, 184 Va. 375, 378 (1945))(internal quotation marks omitted). It must be negligence of a sufficient level as to shock the conscience of fair minded people. *Koffman,* 265 Va. at 15. Further, while generally a factual matter for resolution by a jury, gross negligence becomes a question of law when reasonable minds cannot differ. *Id.*

In the case at bar, plaintiff has not identified a single breach of a common law duty owing to her by this defendant. In contrast, the Complaint itself demonstrates that Briggs

acted to defuse a volatile situation by promptly effecting a lawful arrest once the dispute between plaintiff and her husband, who was seeking entry of his home in order to gain access to a firearm, turned physical. The fatal blow to plaintiff's claim is the fact that no allegation has been offered that Briggs was grossly negligent, even if the allegations attributed to officers from other jurisdictions were applied to him. As with the constitutional claims addressed below, plaintiff merely reverse engineers a conclusion that since the alleged harm occurred, someone must have disregarded a duty. Based on the allegations in this case, it simply is not plausible that Justin Briggs, or any other defendant, was grossly negligent.

## V. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 42 U.S.C. § 1983

Count VIII of the Complaint seeks relief pursuant to 42 U.S.C. § 1983, alleging a violation of the Virginia Constitution and the U.S. Constitution, without citing any specific provision in either. It would appear from the Complaint as a whole, particularly in light of Count I, that the plaintiff is claiming that this defendant has arrested her in violation of the Fourth Amendment's proscription of excessive force.

As a threshold matter, by its own terms, § 1983 only addresses claimed violations of federal rights that accrue under the U.S. Constitution and federal law.[4] The statute does

---

[4] 42 U.S.C. § 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any ***rights, privileges, or immunities secured by the Constitution and laws,*** shall

not create a remedy for alleged violations of state constitutional rights.

As has now become axiomatic, the Court must review the alleged conduct of Officer Briggs through the lens of the Fourth Amendment to the United States Constitution and its associated "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989)(holding that "*all* claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard")(emphasis in original). This reasonableness standard is not conducive to "precise definition or mechanical operation." *Id.* at 396 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Instead, Courts must view the use of force with "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9). In short, the Court must review the application of force under the totality of the circumstances, and resolve whether the "officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 396-397.

The objective reasonableness determination is made based upon the officer's

---

be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983 (emphasis added).

perceptions at the time of the incident. *Milstead v. Kibler*, 243 F.3d 157, 163 (4th Cir. 2001); *Rowland v. Perry* 41 F.3d 167-173 (4th Cir. 1994). By focusing on the facts as the officer reasonably perceived them, the risk of second guessing the officer's conduct based upon "conflicting versions of the 'actual' facts," is appropriately restrained. *Id*. This standard recognizes that the time for measuring the reasonableness of police force is the moment it is applied, not later in the "peace of a judge's chambers." *Graham,* 490 U.S. at 396. Rather, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id*. at 396-397. "The Constitution simply does not require police to gamble with their lives in the face of a serious threat of harm." *Elliott v. Leavitt*, 99 F.3d 640, 641 (4th Cir. 1996) *rehearing en banc denied* 105 F.3d 174 (4th Cir. 1997). Under this standard, it is clear that the Complaint cannot, as a matter of law, support a finding that Officer Briggs violated the Fourth Amendment rights of plaintiff.

As explained in detail above, plaintiff took the step of initiating physical contact with her husband at the scene, and she had already taken the disturbing step of barricading herself in the home even when the police appeared. As a result, she was placed under arrest. Part and parcel with her arrest, plaintiff was placed into handcuffs. Plaintiff does not allege that defendant Briggs struck her or otherwise touched her in anyway beyond that necessary to place her in custody and into handcuffs. Plaintiff only seems to contend that this defendant ignored her complaints that the handcuffs were too tight, yet she explains nothing more than her subjective symptoms. There is no claim of an outward physical

manifestation of her claimed symptoms that this defendant would have been able to discern upon an inspection of her hands and wrists. As a device, handcuffs are known not to be comfortable and disregarding subjective complaints about them without attendant physical manifestations cannot be relied upon impermissibly to second guess the actions of this defendant.

### VI.  Defendant Briggs is entitled to qualified immunity from any claim.

Well settled precedent compels the conclusion that defendant Briggs is entitled to qualified immunity from monetary damages and the burden of this suit for any alleged violation of plaintiff's constitutional rights. There is no longer any real dispute that public officials enjoy qualified immunity so long as their actions do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See also Winfield v. Bass,* 106 F.3d 525 (4th Cir. 1997) (*en banc*). In order to determine whether a specific government official enjoys qualified immunity, the federal courts must undertake three distinct determinations. *See Pittman v. Nelms*, 87 F.3d 116, 118-19 (4th Cir. 1996); *see also Collinson v. Gott,* 895 F.2d 994, 998 (4th Cir. 1990) (Phillips, J., concurring*)*. First, the specific constitutional right which defendant officials allegedly violated must be identified. *See id.* Second, the reviewing court must determine whether the constitutional right was clearly established at the time of the official's actions. *See id.*; *Anderson v. Creighton,* 483 U.S. 635 (1987). Third, the Court must determine in light of the facts of each case whether a reasonable person in the official's position would have known that his conduct was unlawful. *See id.* Specifically,

government officials are entitled to qualified immunity where they could reasonably believe that their conduct was lawful. *Anderson,* 483 U.S. at 641. Finally, an official's subjective intent is not relevant to the determination of whether or not he or she is entitled to qualified immunity. *Anderson,* 483 U.S. at 641; *Graham,* 490 U.S. at 397.

In the case at bar, plaintiff's Complaint fails entirely to identify any specific constitutional or other federal right violated by this or other defendants. Nevertheless, reading the Complaint as a whole, plaintiff's narrative is such that it runs closer than anything else to claiming a Fourth Amendment violation for the alleged use of excessive force. As described above, however, plaintiff does not offer facts sufficient to demonstrate that it is plausible that a constitutional violation occurred, let alone that it was the violation of a clearly established right.

Assuming, *arguendo*, that a constitutional violation occurred, the facts alleged are such that a reasonable law enforcement officer faced with what confronted Justin Briggs would have believed that the defendant's conduct was lawful. In light of the arguments set forth throughout this submission, a reasonable officer could have believed he was acting lawfully by placing plaintiff into custody. In a situation imbued with alcohol and loaded with firearms, taking the plaintiff into custody for initiating physical contact with her husband was the responsible and appropriate reaction. For him to have acted otherwise would have been to risk allowing the situation violently to ignite and spin out of control. As discussed above, Virginia decisional law recognizes this risk and the Virginia General Assembly has sought to remedy it by enacting Va. Code §19.2-83.1 which imposes an affirmative duty on law enforcement personnel in the Commonwealth to make an arrest of the person who they determine to be the principal aggressor in a domestic assault situation.

Also, plaintiff's Complaint is silent regarding any situation that may support a claim of rough treatment by the defendants. There is no allegation that plaintiff was struck, kicked, pushed or otherwise treated inappropriately by police. Plaintiff also does not identify any outward manifestation of her claimed injuries that could have alerted this or any other defendant to any claimed injury. Recognizing that handcuffs are restraint devices that are designed for security rather than comfort, it would not have been unreasonable for an officer in Briggs's position to have disregarded the subjected complaints of discomfort where, as here, there is no outward indication to support it.

For these reasons, defendant Briggs is qualifiedly immune.

## VII. PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO RECOVER PUNITIVE DAMAGES AGAINST THIS DEFENDANT

The Complaint fails to identify an adequate basis for punitive damages against this defendant. Punitive damages may be awarded in a claim arising under 42 U.S.C. § 1983 where a plaintiff shows that a defendant's conduct was motivated by an evil motive or intent, or demonstrates a callous or reckless indifference to a federally protected right. *Smith v. Wade*, 461 U.S. 30, 56 (1983). The allegations before the Court belie any assertion that this defendant is liable for punitive damages; rather, the record demonstrates that defendant Briggs acted reasonably and in accordance with his stated motivation simply to effect the arrest of plaintiff.

The same fate necessarily befalls plaintiff's claim for punitive damages under state law. In order to sustain a claim for punitive damages in a case such as this, the plaintiff must show actual or express malice on the part of the defendants. *See generally Giant of*

*Virginia v. Pigg*, 2207 Va. 679 (1967); *FBC Stores, Inc. v. Duncan*, 214 Va. 246 (1973); *Lee v. Southland Corp*, 219 Va. 23 (1978). Legal malice, of the sort that may be implied by the absence of probable cause, is not sufficient. *Id.* Here, notwithstanding conclusory allegations to the contrary, plaintiff's Complaint utterly lacks any basis that could sustain a finding of actual malice on the part of this defendant.

As such, the punitive damages claim herein must fail.

## CONCLUSION

For these reasons, plaintiff has failed to state a claim upon which this Court can afford relief. Accordingly, the Motion to Dismiss filed by ths defendant must be granted, and judgment entered on his behalf.

JUSTIN BRIGGS

By_____/s/_____
Alan Brody Rashkind, Esquire
Virginia State Bar No. 12658
Counsel for Officer Justin Briggs
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Post Office Box 12525
Norfolk, Virginia 23541-0525
Telephone No. (757) 461-7100
Facsimile No. (757) 461-0083
Email: arashkind@furnissdavis.com

Alan Brody Rashkind, Esquire
Virginia State Bar No. 12658
James A. Cales III, Esquire
Virginia State Bar No. 41317
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Post Office Box 12525
Norfolk, Virginia 23541-0525

Telephone No.  (757) 461-7100
Facsimile No.   (757) 461-0083

## CERTIFICATE

I hereby certify that on February 21, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Allen J. Gordon, Esquire
Erik P. Gordon, Esquire
Attorneys for Plaintiff
1553 S. Military Highway
P.O. Box 1756
Chesapeake, Virginia 23327
Telephone: (757) 420-9731
Facsimile: (757) 420-7210
tinad@cavtel.net


Stanley G. Barr, Jr., Esquire
Attorney for Johnson and Gayle
150 West Main Street, Suite 2100
Post Office Box 3037
Norfolk, VA 23514-3037
(757) 624-3274
(757) 624-3169 (fax)
sgbarr@kaufcan.com


Darlene P. Bradberry, Esquire
Deputy City Attorney
Nicole M. Montalto, Esquire
Assistant City Attorney
Attorneys for City of Newport News,
Neil A. Morgan and James D. Fox
2400 Washington Avenue, 9th Floor
Newport News, VA  23607
(757) 926-8416
(757) 926-8549 (fax)
dbradberry@nngov.com
nmontalto@nngov.com


                                                /s/
                            Alan Brody Rashkind, Esquire

Virginia State Bar No. 12658
Counsel for Officer Justin Briggs
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
Post Office Box 12525
Norfolk, Virginia 23541-0525
Telephone No. (757) 461-7100
Facsimile No. (757) 461-0083
Email: arashkind@furnissdavis.com