IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

PEGGY A. HALES,

    Plaintiff,

v.                                                     Civil Action No.: 4:11-cv-28

CITY OF NEWPORT NEWS, et al.

    Defendants.

## ANSWER OF DEFENDANT BRIGGS

NOW COMES defendant Justin E. Briggs, by counsel, and for his Answer to the Complaint exhibited against him, states as follows:

1.     He is not advised as to the allegations of paragraph 1 of the Complaint, and neither admits nor denies the same, but rather calls for the strict proof thereof.

2.     In response to the allegations of paragraph 2 of the Complaint, he admits only that the defendant City of Newport News is a municipal corporation organized under the laws of the Commonwealth of Virginia and in connection therewith, maintains the police department and employs this defendant.

3.     In response to the allegations of paragraph 3 of the Complaint, he admits only that the defendant Fox is the Chief of Police of the Newport News Police Department.

4.     In response to the allegations of paragraph 4 of the Complaint, he admits only that the defendant Morgan was the City Manager of the City of Newport News.

5.     Without admitting involvement in any allegedly improper conduct, he admits that he and fellow Officer Johnson were duly appointed Newport News police officers who were dispatched to and responded to an incident involving the Hales on September 27, 2009.

6. In response to the allegations of paragraph 6 of the Complaint, he admits only that the defendant Sgt. Gayle was and is a Newport News Police Supervisor (Sergeant) who was for a period of time on the scene of the subject incident.

7. He is not advised as to the allegations of paragraph 7 of the Complaint, and can neither admit nor deny the same, but rather calls for the strict proof thereof.

8. He is not advised as to the allegations of paragraph 8 of the Complaint, except that he admits that he and Officer Johnson, and later Sgt. Gayle, responded to the location in question.

9. In response to the allegations of paragraph 9 of the Complaint, he admits only that plaintiff was advised that Leon Hales wanted to get personal property and that plaintiff shut and locked the front door and placed a barricade against it, and may have then proceeded to lock other doors, or may have done so earlier.

10. He admits the allegations of the first sentence of paragraph 10 of the Complaint.  He denies the allegations of the second sentence of paragraph 10 of the Complaint as worded, but admits that plaintiff pushed Leon Hales and that she was placed under arrest for domestic assault.

11. He denies the allegations of paragraph 11 of the Complaint as worded, except that he admits that he was one of two officers who handcuffed plaintiff, that he placed her in a police vehicle, and that she initially complained that handcuffs were too tight, but he avers that in response be checked to see that the handcuffs were not too tight.

12. He denies the allegations of paragraph 12 of the Complaint as worded.

13. In response to the allegations of paragraph 13 of the Complaint, he admits only that plaintiff was charged with violation of Virginia Code § 18.2-57.2, and on

information and belief, understands that plaintiff was later released on a $1,500.00 unsecured bond; he is not advised as to the allegations of paragraph 13 of the Complaint with respect to the outcome in Newport News Juvenile and Domestic Relations District Court.

14. In response to the allegations of paragraph 14 of the Complaint, he adopts, realleges and incorporates each paragraph of this Answer.

15. While he admits that all of his actions were under color of State law, he denies so much of the allegations of paragraph 15 of the Complaint as attribute to him any wrongful conduct, excessive or reckless force, and denies that he violated any rights secured to plaintiff by any laws, statutes or Constitution.  Further, the allegations of paragraph 15 of the Complaint, and Count I thereof fail to state a cause of action against this defendant insofar as they assert violations of civil rights under the laws, statutes or Constitution of the Commonwealth of Virginia.

16. In response to the allegations of paragraph 16 of the Complaint, he adopts, realleges and incorporates each paragraph of this Answer.

17. He denies the allegations of paragraph 17 of the Complaint, and further avers that the conclusory allegations set out therein and in Count II do not state a cause of action upon which relief may be granted in favor of the plaintiff against this defendant.

18. In response to the allegations of paragraph 18 of the Complaint, he adopts, realleges and incorporates each paragraph of this Answer.

19. He denies the allegations of paragraph 19 of the Complaint, and further avers that the conclusory allegations of paragraph 19 and in Count III do not properly state a cause of action upon which relief may be granted in favor of this plaintiff against this

defendant.

20. In response to the allegations of paragraph 20 of the Complaint, he adopts, realleges and incorporates each paragraph of this Answer.

21. He denies the allegations of paragraph 21 of the Complaint, and further avers that the conclusory allegations of paragraph 21 and Count IV do not properly state a cause of action upon which relief may be granted in favor of this plaintiff against this defendant.

22. In response to the allegations of paragraph 22 of the Complaint, he adopts, realleges and incorporates each paragraph of this Answer.

23. He denies the conclusory legal allegations of paragraph 23 of the Complaint, and in response thereto, admits only that he was one of two officers who handcuffed plaintiff and thereby placed her in custody. Further, he avers that, as a matter of law, the arrest of plaintiff was legally justified, and that plaintiff has failed to state a cause of action upon which relief may be granted to the plaintiff against this defendant with respect to this paragraph and this count of the Complaint.

24. In response to the allegations of paragraph 24 of the Complaint, he adopts, realleges and incorporates each paragraph of this Answer.

25. He denies the material allegations of paragraph 25 of the Complaint, and expressly denies that there was any brutality involved in the arrest alleged as is implied by paragraph 25 of the Complaint.

26. He denies the allegations of paragraph 26 of the Complaint, and denies that there was any misconduct to observe.

27. He denies the allegations of paragraph 27 of the Complaint, and avers that those allegations are boilerplate and conclusory legal allegations, not even carefully copied

from other pleadings in another case, and do not articulate facts in support of a cause of action against this defendant for a count of negligence or gross negligence.

28. In response to the allegations of paragraph 28 of the Complaint, he adopts, realleges and incorporates each paragraph of this Answer.

29. He denies the allegations of paragraph 29 of the Complaint.

30. He denies the allegations of paragraph 30 of the Complaint, and specifically denies that there was any egregious or outrageous conduct.

31. In response to the allegations of paragraph 31 of the Complaint, he adopts, realleges and incorporates each paragraph of this Answer.

32. He denies the allegations of paragraph 32 of the Complaint.

33. He denies the allegations of paragraph 33 of the Complaint.

34. This defendant demands a trial by jury.

35. To the extent the foregoing has not addressed each allegation and paragraph of the Complaint requiring a response, each such unaddressed allegation and paragraph is hereby denied.

36. He denies that the Complaint states a claim upon which relief can be granted to the plaintiff against this defendant.

37. He denies that he is indebted to the plaintiff in any sum, for any reason.

38. He avers that all of his acts and/or omissions were made, taken or omitted in the good faith and objectively reasonable belief in the legality, propriety, and validity of such actions and/or omissions, and that there existed probable cause therefor, and as a result, he is entitled to absolute and/or qualified immunity from suit brought by, and damages claimed by, plaintiff.

39. He avers that, with respect to State law claims against him, his actions and/or omissions are protected by sovereign or governmental official immunity, and as a result, he is entitled to immunity from suit brought by, and damages claimed by, plaintiff.

40. He avers that the plaintiff's own claims are barred by her own intentional conduct, voluntary participation in criminal activity, contributory negligence and/or assumption of the risk, which was a proximate cause of the injuries and damages, if any be proved, of which plaintiff complains.

41. He will rely upon any and all defenses which may be justified by the evidence developed during discovery or at trial, and reserves the right to amend this Answer if necessary.

JUSTIN E. BRIGGS

   /s/ Alan B. Rashkind
Alan B. Rashkind, Esquire (VSB# 12658)
*Attorney for Justin E. Briggs*
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
P.O. Box 12525
Norfolk, Virginia  23541-0525
Telephone:  (757) 461-7100
Facsimile:    (757) 461-0083
arashkind@furnissdavis.com

Alan B. Rashkind, Esquire (VSB# 12658)
James A. Cales III, Esquire (VSB# 41317)
*Attorney for Justin E. Briggs*
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Circle, Suite 341B
P.O. Box 12525
Norfolk, Virginia  23541-0525
Telephone: (757) 461-7100
Facsimile: (757) 461-0083
arashkind@furnissdavis.com
jcales@furnissdavis.com

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2011, I will electronically file the foregoing Answer of Defendant Briggs with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Allen J. Gordon, Esquire (VSB# 7004)
*Attorney for Plaintiff Peggy A. Hales*
1553 S. Military Highway
P.O. Box 1756
Chesapeake, Virginia 23327
Telephone: (757) 420-9731
Facsimile: (757) 420-7210
tinad@cavtel.net

Erik P. Gordon, Esquire (VSB# 32716)
*Attorney for Plaintiff Peggy A. Hales*
1553 S. Military Highway
P.O. Box 1756
Chesapeake, Virginia 23327
Telephone: (757) 420-9731
Facsimile: (757) 420-7210
egordon@cavtel.net

Darlene P. Bradberry, Esquire (VSB# 34442)
Deputy City Attorney
*Attorney for the City Newport News,*
*James D. Fox, Newport News Chief of*
*Police, and Neil A. Morgan, Newport*
*News City Manager, Newport News*
*City Attorney's Office*
Office of the City Attorney
City of Newport News
2400 Washington Avenue
Newport News, Virginia 23607
Telephone: (757) 926-8416
Facsimile: (757) 926-8549
dbradberry@nngov.com

Nicole M. Montalto, Esquire (VSB# 34264)
Senior Assistant City Attorney
*Attorney for the City Newport News,*
*James D. Fox, Newport News Chief of*
*Police, and Neil A. Morgan, Newport*
*News City Manager, Newport News*
*City Attorney's Office*
Office of the City Attorney
City of Newport News
2400 Washington Avenue
Newport News, Virginia 23607
Telephone: (757) 926-8416
Facsimile: (757) 926-8549
nmontalto@nngov.com

Stanley G. Barr, Jr., Esquire (VSB# 7224)
Kaufman & Canoles
*Attorney for Sgt. J.F. Gayle*
150 West Main Street, Suite 2100
Post Office Box 3037
Norfolk, Virginia 23514-3037
Telephone:  (757) 624-3274
Facsimile:   (757) 624-316i9
sgbarr@kaufcan.com

                  /s/ Alan B. Rashkind
                Alan B. Rashkind, Esquire (VSB# 12658)
                *Attorney for Justin E. Briggs*
                Furniss, Davis, Rashkind and Saunders, P.C.
                6160 Kempsville Circle, Suite 341 B
                P.O. Box 12525
                Norfolk, Virginia  23541-0525
                Telephone:  (757) 461-7100
                Facsimile:   (757) 461-0083
                arashkind@furnissdavis.com