UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

NOV 28 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

PEGGY A. HALES,

    Plaintiff,

v.                                Civil Action No. 4:11cv28

OFFICER JUSTIN E. BRIGGS,

OFFICER DARRYL J. JOHNSON,

and

SGT. J. F. GAYLE,

    Defendants.

### MEMORANDUM ORDER

This matter is before the Court following issuance of a "Show Cause" order instructing Plaintiff to demonstrate why defendant Officer Darryl J. Johnson ("Johnson") should not be dismissed from this matter as he has not been served within 120 days of the filing of the Complaint. Plaintiff filed a timely response to the Court's Show Cause Order, and this matter is now ripe for review. For the reasons set forth below, this action is hereby **DISMISSED** without prejudice as to defendant Johnson.

Under the Federal Rules of Civil Procedure, a plaintiff must serve a defendant within 120 days from the filing of the Complaint. Fed. R. Civ. P. 4(m). Here, it is undisputed that

the time for timely serving defendant Johnson has long since expired. However, Plaintiff indicates in her response to the Court's Show Cause Order that Johnson is no longer a Newport News Police Officer and that the Newport News Police Department refuses to provide Plaintiff with Johnson's current address. Plaintiff suggests through this filing, and others, that the Newport News Police Department is required to provide such address on request and even goes so far as to accuse the Police Department of acting in bad faith for refusing to provide Johnson's contact information. (Dkt. No 7, at 4).

Notwithstanding Plaintiff's accusations, it is Plaintiff, not any of the named Defendants, that is responsible for locating and serving Johnson. See Fed. R. Civ. P. 4(c) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ."); Henderson v. United States, 517 U.S. 654, 657 (1996) (citing a prior version of the same Rule of Civil Procedure); see also Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995) (explaining that Rule 4 was included in the Federal Rules in 1983 as part of a "new scheme" intended to transfer "the burden of service" from the Marshals to litigants and to "encourage more efficient, speedy, and inexpensive litigation"). Plaintiff has failed to effectuate service not only during the 120-day period established by Rule 4(m), but in the several months between the

expiration of such service period and the Court's issuance of the Show Cause Order, as well as during the month-and-a-half immediately following the issuance of the Court's Show Cause Order. Plaintiff has also failed to demonstrate good cause or excusable neglect justifying such continued delay. Hansan v. Fairfax Cnty. Sch Bd., 405 F. Appx. 793, 794 (4th Cir. 2010) (unpublished).

Accordingly, Plaintiff's claims against defendant Johnson are **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 4(m) (indicating that a district court "must dismiss the action without prejudice" if service is not timely and the plaintiff does not demonstrate good cause) (emphasis added).

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 28, 2011

3